**RECORD NO. 13-4813**

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff - Appellee,*

v.

YEEDSER D. PALACIOS,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AT GREENVILLE

**OPENING BRIEF OF APPELLANT
YEEDSER D. PALACIOS**

Howard W. Anderson, III
LAW OFFICE OF
HOWARD W. ANDERSON III, LLC
P.O. Box 851
402-3 Pendelton Road
Clemson, South Carolina 29633
(864) 643-5790 Telephone
howard@hwalawfirm.com

*Counsel for Appellant*

LANTAGNE LEGAL PRINTING 801 East Main Street Suite 100 Richmond, Virginia 23219 (804) 644-0477
A Division of Lantagne Duplicating Services

# TABLE OF CONTENTS

Table of Contents ................................................................................................. i
Table of Authorities ............................................................................................ ii
Issue Presented .................................................................................................... 2
Statement of the Case ......................................................................................... 3
    I.   The Second Superseding Indictment ....................................................... 3
    II.  The Sentencing Hearing ........................................................................... 4
        A. The Guideline Calculations ................................................................ 4
        B. Mr. Palacios' Arguments Below that the District Court Should Consider His Family at the Sentencing. ................................................ 4
        C. Mr. Palacios' Family Situation ........................................................... 5
        D. The District Court's Sentence ............................................................. 6
Summary of Argument ....................................................................................... 8
Argument ............................................................................................................ 9
    I.   Standard of Review .................................................................................. 9
    II.  The District Court's Failure to Consider the Impact of a Lengthy Incarceration on Mr. Palacios' Family. ................................................... 10
Conclusion ........................................................................................................ 14
Certificate of Compliance with Rule 32 .......................................................... 15
Certificate of Service ....................................................................................... 16

# TABLE OF AUTHORITIES

**Cases**

*Rita v. United States*, 551 U.S. 338 (2007) ............................................... 9

*United States v. Booker*, 543 U.S. 220 (2005) ............................................ 9

*United States v. Carter*, 564 F.3d 325 (4th Cir. 2009) ......................... 9, 10

*United States v. Cunningham*, 429 F.3d 673 (7th Cir. 2005) ........... 10, 13

*United States v. Lynn*, 592 F.3d 572, 585 (4th Cir. 2010) ...................... 10

*United States v. Montes-Pineda*, 445 F.3d 375 (4th Cir. 2006) .............. 10

*United States v. Myers*, 391 Fed. Appx. 288 (4th Cir. 2010) ............. 11, 12

**Statutes**

18 U.S.C. § 1028A(a)(1) ............................................................................ 3

18 U.S.C. § 286 .......................................................................................... 3

18 U.S.C. § 3231 ..........................................................................................

18 U.S.C. § 3553(a) ..................................................................... 1, 6, 9, 10

18 U.S.C. § 3621(b)(4) ............................................................................. 12

18 U.S.C. § 3742(a) ................................................................................... 1

28 U.S.C. § 1294 ........................................................................................ 1

**Rules**

Fed. R. App. Pro. 4(b) ............................................................................... 1

Fed. R. Crim. Pro. 18 ................................................................................. 1

## Jurisdictional Statement

The U.S. District Court for the District of South Carolina had jurisdiction over this criminal action pursuant to 18 U.S.C. § 3231 and Fed. R. Crim. Pro. 18.

After previously having accepted Defendant-Appellant Yeedser D. Palacios' guilty plea to Counts I and V of the Second Superseding Indictment, [JA 47], the District Court held a sentencing hearing on October 10, 2013, [JA 50]. It reduced its orally pronounced sentence to a written judgment, which was filed on October 11, 2013. [JA 83]. Mr. Palacios filed no post-judgment motions. *See* [JA 8]. Instead he filed a notice of appeal to this Court on October 23, 2013. [JA 88]. That notice of appeal was timely under Fed. R. App. Pro. 4(b).

This Court has jurisdiction to hear Mr. Palacios' appeal. 18 U.S.C. § 3742(a); 28 U.S.C. § 1294.

## ISSUE PRESENTED

Was the District Court's 75-month sentence procedurally unreasonable for a non-violent offender with five minor children where the District Court failed to sufficiently consider the impact of its sentence on Mr. Palacios' family, especially where the District Court declined without comment to recommend that he serve his sentence near his children?

## STATEMENT OF THE CASE

**I.     The Second Superseding Indictment**

A grand jury returned a Second Superseding Indictment against Mr. Palacios and three co-defendants, who are not parties to this appeal. [JA 11-17].

Count I charged Mr. Palacios with entering into a conspiracy to defraud the Internal Revenue Service, in violation of 18 U.S.C. § 286. [JA 11-12]. Specifically it alleged that Mr. Palacios and the co-defendants submitted fictitious tax returns to the IRS that generated refunds, which the conspirators then collected from mailboxes and cashed. [JA 12]. Mr. Palacios pleaded guilty to that charge. [JA 47].

The Government dismissed Counts II-IV as to Mr. Palacios. [JA 83]. Those Counts alleged that Mr. Palacios and his co-defendants used without authority means of identification belonging to three individuals, possessed mail not addressed to them, and possessed H&R Block MasterCards containing tax refunds, with intent to defraud. [JA 13-14].

Count V charged Mr. Palacios and his co-defendants with aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) by using false

3

means of identification in connection with the felony charged in Count IV. [R. 14]. Mr. Palacios pleaded guilty to Count V. [JA 47].

## II.   The Sentencing Hearing

### A.  *The Guideline Calculations*

Before sentencing Mr. Palacios, the District Court determined that Mr. Palacios had a Criminal History Category of I with a Total Offense Level of 22. [JA 64-65]. The Guideline sentence was, therefore, 41-51 months on Count I. [JA 64]. By statute, a conviction on Count V required a 24-month consecutive sentence. [JA 67].

### B.  *Mr. Palacios' Arguments Below that the District Court Should Consider His Family at the Sentencing.*

Below, Mr. Palacios repeatedly invoked his family ties and asked that the District Court consider them when imposing sentence. Trial counsel explained that Mr. Palacios' girlfriend and children had driven up from Miami to attend, as they had at each of his other court appearances. [JA 69-70, 72]. Trial counsel also asked for the District Court to recommend that the Bureau of Prisons let Mr. Palacios serve his time at a facility close to his family, including five minor children, in Florida. [JA 72]. Trial counsel also asked that Mr. Palacios be permitted to self-

4

report for prison, so that he could "spend some time with his kids and [Zenitha Hartsfield, two of his children's mother] before he serves his time." [JA 72]. Mr. Palacios himself, in his allocution, asked the District Court to "take in consideration all the options for me to get a fair sentence today where I could be able to make it home in time to save my family by helping my kids go through school.... [T]his is a time where they need me the most...." [JA 73]. And Ms. Hartsfield, the mother of his seven- and three-year old children, [JA 104 ¶88], reiterated to the District Court the adverse impact that his continued incarceration would have on his family. [JA 75]. She requested that the District Court "at least grant him some time home with the kids before he has to serve his time." [JA 75].

### C. *Mr. Palacios' Family Situation*

The District Court accepted the pre-sentence report's factual findings, [JA 77], including that Mr. Palacios has five minor children, all in Florida, with whom he remains in contact: two (age 13 and 11) by Karen Chavarria, two by Ms. Hartsfield (age 7 and 3), and one (age 11) by Lorraina Silvenair. [JA 104 ¶ 88].

5

At the time of his arrest, Mr. Palacios had been living with Ms. Hartsfield, in Miami. [JA 104 ¶89]. Their monthly rent was $1,500. [*Id.*]. For the past seven years, Mr. Palacios had been earning $2,000 per month as a music engineer. [JA 106 ¶98]. From that income, he paid $300 to $400 a month to Ms. Chavarria, an amount less than the court-ordered child-support amount. [JA 104 ¶88]. Ms. Silvenair had recently received a child support order, but Mr. Palacios did not know the amount as he missed his court date. [*Id.*].[1]

### D. *The District Court's Sentence*

The District Court decided to sentence Mr. Palacios to the maximum Guideline sentence: 51 months on Count I and a consecutive 24 months on Count V. [JA 84]. It also imposed a $200 special assessment, $91,650.50 in restitution to the U.S. Government, and three years of supervised release. [JA 85-86].

In explaining its sentence, the District Court recited the 18 U.S.C. § 3553(a) factors and some facts relevant to each. [JA 78]. With respect to the factor for the characteristics of the defendant—the one that was the

---

[1] Mr. Palacios was arrested in March 2013. [JA 4]. His bond was set at $100,000, secured. [*Id.*]. He was never able to post the security. [JA 58].

6

focus of Mr. Palacios at sentencing—the District Court summarized its view of his family situation as follows:

> The defendant is 33 years of age. He is a native of Venezuela. He has fathered five children who reside in Florida. Based on the Presentence Investigation Report, he reportedly is under a court order to pay child support for one of these minor children but does not know the amount as he missed his court date.

[JA 78-79].

Without explanation, the District Court declined to recommend that Mr. Palacios serve his imprisonment at a facility close to his family or that he be allowed to self-report, and thereby see his family before his lengthy incarceration:

> MR. BEASLEY: Can you ask or at least put on the record to request that he be – serve his time in Miami?
>
> THE COURT: I'm going to leave that to the Bureau of Prisons.
>
> MR. BEASLEY: Okay. Thank you, Judge.
>
> THE COURT: I deny the request for the defendant to be allowed to voluntarily surrender.

[JA 82].

7

## SUMMARY OF ARGUMENT

Under Supreme Court and Circuit precedent, a sentencing judge must address all non-frivolous defense arguments when selecting the appropriate sentence. Below, Mr. Palacios argued that the District Court should consider the adverse impact that a lengthy prison sentence would have on his five minor children, a valid mitigating factor. Yet the District Court glossed over the argument without specifically addressing it. As such, it is impossible to know whether the District Court found the argument unpersuasive or simply overlooked it. A resentencing is, therefore, required.

## ARGUMENT

When reviewing a sentence, this Court must inquire as to its reasonableness. *United States v. Booker*, 543 U.S. 220, 261 (2005). That reasonableness inquiry has two components: procedural reasonableness and substantive reasonableness. *See, e.g.*, *United States v. Carter*, 564 F.3d 325, 330 n.2-3 (4th Cir. 2009) (discussing both components). As explained below, the District Court was procedurally unreasonable when it failed to sufficiently explain why the maximum Guideline sentence was required, notwithstanding its devastating effect on his family.

### I.     Standard of Review

A sentencing judge must impose a sentence that is "sufficient, but not greater than necessary" to achieve the sentencing goals that Congress has prescribed. 18 U.S.C. § 3553(a). A sentencing judge must always provide a meaningful enough statement of reasons "to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority," *Rita v. United States*, 551 U.S. 338, 356 (2007) (citation omitted). So long as a potentially mitigating argument is "non-frivolous," the sentencing judge must explain why it has rejected the argument. *United*

9

*States v. Lynn*, 592 F.3d 572, 585 (4th Cir. 2010). A failure to provide a sufficient justification requires remand for resentencing, regardless as to whether the sentence would be upheld as substantively reasonable. *Carter*, 564 F.3d at 330 n.4 ("Having found the sentence procedurally unreasonable, however, we cannot review the sentence for substantive reasonableness." (citation omitted)). *See also United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005) ("[W]henever a district judge is required to make a discretionary ruling that is subject to appellate review, we have to satisfy ourselves, before we can conclude that the judge did not abuse his discretion, that he exercised his discretion, that is, that he considered the factors relevant to that exercise… [T]he temptation to a busy judge to impose the guidelines sentence and be done with it… cannot be ignored.").

**II.   The District Court's Failure to Consider the Impact of a Lengthy Incarceration on Mr. Palacios' Family.**

Congress has directed judges to consider the "characteristics of the defendant" when determining the appropriate criminal sentence. 18 U.S.C. § 3553(a)(1). Relevant characteristics of the defendant can include the defendant's family ties. *See United States v. Montes-Pineda*, 445 F.3d 375, 379 (4th Cir. 2006) (holding that desire to reunite with

10

children is a relevant factor to consider under § 3553(a) in an illegal reentry case). *See also United States v. Myers*, 391 Fed. Appx. 288, 289 (4th Cir. 2010) (affirming sentence and noting that the district court had "responded directly" to the defendant's argument that "a long sentence would devastate his family"). One reason why a sentencing judge should consider those ties is the potential that lengthy incarceration will adversely impact the offender's children and set them up to fail themselves. *See, e.g.*, J. Murray *et al.*, "Children's Antisocial Behavior, Mental Health, Drug Use, and Educational Performance After Parental Incarceration," 138 *Psychological Bulletin* 175, 193 (2012) (conducting a meta-analysis on the adverse impacts of parental incarceration on children and concluding that "[i]t is clear that children with incarcerated parents are at increased risk for antisocial behavior compared with their peers."). Furthermore, given the lengthy distances between offenders' homes and most prisons in the federal system, families of federal offenders face a particular challenge in maintaining familial bonds that can help ensure healthy and productive children. *See, e.g.*, L. Glaze & L. Marushak, "Parents in Prison and Their Minor Children," U.S. Bureau of Justice Statistics Report NCJ 222984, 18 (August 2008),

11

available at http://www.bjs.gov/content/pub/pdf/pptmc.pdf (explaining that approximately 45% of federal inmates have never seen their children while incarcerated and approximately 32% see their children less than once a month) (last visited Feb. 10, 2014).[2]

Here, Mr. Palacios' lawyer, his girlfriend, and himself personally asked that the District Court consider his family when exercising its sentencing discretion. [JA 69-75].

Despite that request, the District Court did not "respond[] directly" to an argument that Mr. Palacios' family situation may merit something less than the maximum possible Guideline sentence—as it was required to do to adequately explain its sentence, *Myers*, 391 Fed. Appx. at 289. The District Court's failure to address the adverse impact of incarceration on Mr. Palacios' children is especially noteworthy given that it declined—completely without explanation—to at least recommend that Mr. Palacios be housed near his family,[3] or to self-surrender so

---

[2] By way of example, Mr. Palacios is currently incarcerated in Welch, West Virginia—982 miles from Miami.

[3] Although the Bureau of Prisons is the final arbiter on prisoner placement, Congress has specifically required that the Bureau of Prisons consider the sentencing court's recommendations as to facility placement. 18 U.S.C. § 3621(b)(4).

12

that he could see his family before his lengthy imprisonment. *See* [JA 82]. Nor did the District Court note the potential impact that incarcerating Mr. Palacios—who had been employed for the previous seven years and was earning $2,000 per month, [JA 106 ¶98]—would have on the ability of the children to meet their financial needs without resort to public assistance.[4]

While the District Court may or may not ultimately decide that Mr. Palacios should still receive the maximum possible Guideline sentence notwithstanding its impact on his family, he is entitled to be sure that the District Court actually considered that potential mitigating circumstance. *Cunningham*, 429 F.3d at 679 ("[R]easonableness is a range, not a point. If the judge could, without abusing his discretion, have ruled in the defendant's favor, the defendant is entitled to insist that the judge exercise discretion, though he cannot complain if the exercise goes against him."). On this record, however, the District Court's silence leaves it impermissibly unclear as to whether the District Court actual-

---

[4] The net loss to society that will result from Mr. Palacios' 75-month incarceration includes his $24,000 in lost annual wages and the $28,948.00 annual cost to incarcerate an adult inmate in the federal system, [JA 109 ¶117].

13

ly considered the impact of the sentence upon Mr. Palacios' family or whether it simply overlooked that circumstance. A resentencing is, therefore, required.

## CONCLUSION

For the foregoing reasons, Mr. Palacios respectfully requests that this Court vacate his sentence and remand for re-sentencing.

Dated: February 18, 2014 at Clemson, South Carolina.

Respectfully submitted,

YEEDSER D. PALACIOS

/s Howard W. Anderson III
Howard W. Anderson III

Howard W. Anderson III
Law Office of Howard W. Anderson III, LLC
P.O. Box 851
Clemson, SC 29633-0851
864-643-5790
howard@hwalawfirm.com

14

## CERTIFICATE OF COMPLIANCE WITH RULE 32

I hereby certify that this brief complies with the typeface requirement of Fed. R. App. Pro. 32(a)(5) because it was composed using MS Word's proportionally spaced Century Schoolbook typeface, with 14-point font.

I also certify that the brief complies with the type-volume limitation of Fed. R. App. Pro. 32(a)(7)(B) because it contains 2,265 words

/s _____
Howard W. Anderson III

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed this brief and joint appendix with the Clerk of Court for the United States Court of Appeals for the Fourth Circuit by using the CM/ECF system on February 18, 2014. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system to the following addresses of record:

William Jacob Watkins, Jr.
OFFICE OF THE UNITED STATES ATTORNEY
One Liberty Square
Suite 700
55 Beattie Place
Greenville, SC 29601
Bill.Watkins@usdoj.gov

/s/ Howard W. Anderson III